**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**HENRY ULISES GUTIERREZ ALVARADO,**

Petitioner,

v. Civil No. **3:26CV1371 (RCY)**

**JEFF CRAWFORD, *et al*.,**

Respondents.

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Henry Ulises Gutierrez Alvarado's ("Petitioner") Amended Petition for Writ of Habeas Corpus (hereinafter simply "Petition," ECF No. 5[1]), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). In his Petition, Petitioner alleges that his detention without an individualized bond hearing violates the Immigration and Nationality Act (INA), 8 U.S.C. § 1226(a), and due process. Pet. ¶¶ 41–55. For the reasons set forth below, the Court will grant the Petition (ECF No. 5) on the ground that Petitioner's continued detention without an individualized bond hearing is unlawful.

## I. BACKGROUND

The facts alleged in the Petition are sparse. Petitioner is a native of El Salvador. Pet. ¶ 29. He entered the United States without inspection at least eleven years ago. *Id.* ¶ 30. He has formed a life in this country and has a nine-year-old child who is a United States citizen. *Id.* He has an I-

[1] Petitioner's first-filed Petition, ECF No. 1, was deficient for lack of Petitioner's signature or that of a "next friend" authorized to sign on his behalf. Order, ECF No. 4. Petitioner cured this defect with the filing of the signed Amended Petition, ECF No. 5, which the Court utilizes and cites as the operative Petition in this matter.

130 Petition from his Lawful Permanent Resident (LPR) father. *Id.* Petitioner is currently being detained without access to bond at ICE's Abyon Farmville Detention Center. *Id.* ¶ 2.

Petitioner, proceeding through counsel, filed the operative Petition in this Court on October 31, 2026. ECF No. 5. On November 2, 2026, the Court issued a Memorandum Order directing that Respondents file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Lopez Garcia v. Guadian* 190 F.4th 305 (4th Cir. 2026), or an Opposition or other responsive pleading. Order, ECF No. 6.

On November 9, 2026, Respondents timely submitted their Notice responding to the Court's Order. (ECF No. 8 ("Notice")). Consistent with the Court's Order, Respondents "submit that the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Lopez Garcia*." *Id*. at 1.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The immediately dispositive question in the instant Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Based on Respondents' representation that the facts of this case do not materially differ from those in *Lopez Garcia*, the Court finds that the Fourth Circuit's recent decision makes clear that, because Petitioner has been present in the United States since before his detention, "Section 1226(a) properly governs the detention of noncitizens . . . present in the United States, regardless of how they came to be in our country," *Lopez Garcia*, 190 F.4th at 335. Petitioner's detention is accordingly governed by § 1226(a).

Under § 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge, during which an Immigration Judge must determine whether he poses a danger to the community and whether he constitutes a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge renders such a determination, Petitioner's continued detention is unlawful.

## IV. CONCLUSION

For the above reasons, the Court will grant the Petition (ECF No. 5) with respect to the request that Petitioner be given an individualized bond hearing. An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 13, 2026
Richmond, Virginia